SCHOONOVER, Judge.
Appellant, Jeffrey C. Murphy, appeals from a judgment and sentence entered pursuant to a jury verdict finding him guilty of first degree murder. We have jurisdiction because the trial court imposed a life sentence. Fla.R.App.P. 9.030(b)(1)(A). We affirm.
Appellant was a juvenile when taken into custody and charged with murder. The arresting officer testified that he advised appellant of his Miranda rights and that appellant appeared to understand them. The officer interrogated appellant and received incriminating statements from him prior to procuring a written waiver of counsel in compliance with Florida Rule of Juvenile Procedure 8.290(d)(4).
The sole issue on appeal is whether a juvenile’s inculpatory statements are rendered inadmissible when they are obtained without a valid waiver of counsel pursuant to rule 8.290(d)(4).
The First District Court of Appeal in the ease of S.L. W. v. State, 445 So.2d 586 (Fla. 1st DCA 1984), held that compliance with rule 8.290(d)(4) is mandatory, and a police officer’s failure to secure the waiver of counsel renders a juvenile’s statements inadmissible.[1]
The Fourth District Court of Appeal held to the contrary in the case of In the Interest of H.D., 443 So.2d 410 (Fla. 4th DCA 1984). The court stated that since the juvenile rule tracks Florida Rule of Criminal Procedure 3.111(d)(4) governing waiver of counsel for indigents, the two rules must be interpreted in the same manner. On the authority of Jordan v. State, 334 So.2d 589 (Fla.1976), a supreme court case construing the criminal rule, the fourth district held that failure to comply with the juvenile rule governing waiver of counsel does not operate to suppress statements that are otherwise admissible. The court in Jordan held that criminal rule 3.111(d)(4) does not provide an independent ground for making a confession inadmissible. The remedy for the rule’s violation would not be suppression of evidence but would be to require a new trial with counsel available to represent the defendant. Jordan.
We agree with the decision of the Fourth District Court of Appeal and hold that failure to obtain a valid waiver of counsel pursuant to rule 8.290(d)(4) does not in *589 itself render inadmissible a juvenile’s incul-patory statements. In the Interest of H.D.; see also, Jordan; contra S.L.W. v. State.
AFFIRMED.
GRIMES, A.C.J., and DANAHY, J., concur.

. The court certified to the Florida Supreme Court that its decision is in conflict with In the Interest of H.D., 443 So.2d 410 (Fla. 4th DCA 1984).